**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MOHAMMAD ALDABAGH,

        Plaintiff,

        - v -

LAWRENCE MEDICAL ASSOCIATES, P.C.
d/b/a NEWYORK-PRESBYTERIAN MEDICAL
GROUP WESTCHESTER and WILLIAM
FLORES, individually,

        Defendants.

Civil Action No.: 23-cv-130

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff Mohammad Aldabagh ("Aldabagh"), by and through his undersigned attorney, brings this Complaint against Defendants Lawrence Medical Associates, P.C. d/b/a NewYork-Presbyterian Medical Group Westchester ("NYPMG") and William Flores ("Flores"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for race discrimination, nationality discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., as well as whistleblower retaliation in violation of New York Labor Law ("NYLL") § 740.

## JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

2. The Court has original jurisdiction over Aldabagh's federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. The Court has supplemental jurisdiction over Aldabagh's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §

1391 because a substantial part of the events or omissions giving rise to the claims occurred there.

5.      All conditions precedent to filing the instant action have been fulfilled. On or about June 1, 2022, Aldabagh submitted a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about December 20, 2022, the EEOC issued Aldabagh a Notice of Right to Sue, and this action is being brought within 90 days of Aldabagh's receipt of the Notice of Right to Sue.

## PARTIES

6.      Plaintiff Aldabagh is a resident of the State of New York and former staff nocturnal hospitalist of NYPMG.

7.      At all relevant times, Aldabagh was an "employee" of Defendants under all relevant statutes.

8.      NYPMG is a professional service corporation registered in New York and permitted to do business in New York.

9.      NYPMG employed more than 14 employees throughout Aldabagh's employment.

10.     NYPMG conducted business at 55 Palmer Avenue, Bronxville, NY 10708, where it employed Aldabagh, as NewYork-Presbyterian Medical Group Westchester.

11.     Defendant Flores was at all relevant times employed by NYPMG as an internal medicine specialist.

12.     Upon information and belief, Flores resides in New York.

13.     At all relevant times, NYPMG was Aldabagh's "employer" under all relevant statutes.

## FACTUAL BACKGROUND

### I.     Aldabagh is Hired by NYPMG and Excels in His Role

14.     Aldabagh received his M.D. from Damascus University College of Medicine.

15.     He completed his internal medicine residency at Montefiore Medical Center in 2021.

16.     On or about May 6, 2021, Aldabagh accepted NYPMG's offer for a staff nocturnal hospitalist position in its General Internal Medicine Hospitalist Program.

17.     On or about August 1, 2021, Aldabagh began working at NYPMG's 55 Palmer Avenue, Bronxville, NY 10708 location.

18.     Aldabagh excelled in his role and received positive feedback based on his performance.

### II.     Aldabagh Reports Discrimination and Sharing of Confidential Patient Information

19.     In December 2021, Flores and Aldabagh's colleague, Dr. Nadir Rana, sent WhatsApp messages disparaging Arabs to a group chat Aldabagh was a member of, knowing that Aldabagh is an Arab originally from Syria.

20.     Dr. Rana messaged that "[i]n Arabs countries you can make unlimited babies and you can get upto 5 wifes ... US Laws do not apply ... Man run the show haha..."

21.     Flores messaged "wtf is this none sense!!!!!"

22.     On December 9, 2021, Flores mocked Aldabagh's accent and pronunciation of certain words and commented in front of coworkers that Aldabagh "must be on [his] period."

23.     Aldabagh reported both doctors' conduct to NYPMG's human resources, including Erica Sheldon, NYPMG's Human Resources Business Partner, later in December 2021.

24.     Aldabagh additionally reported that patient information was being shared by improper means, including on a WhatsApp group chat, and that patient safety was being compromised by NYPMG's failure to care for patients admitted from the emergency room to the medical floor because no doctor was assigned to them.

25.     As a result of one such failure to assign a doctor, a patient became severely ill and had to be transferred to the intensive care unit.

26.     NYPMG's Human Resources agreed that the WhatsApp group chat messages disparaging Arabs were inappropriate and that the sharing of patient information over the WhatsApp group chat was inappropriate and not a secured method of communication.

27.     Upon information and belief, NYPMG gave Flores and Dr. Rana a warning for their conduct but took no further disciplinary action against them.

28.     As a result of NYPMG's failure to act in response to Aldabagh's complaints, confidential patient information continued to be shared in the WhatsApp group chat for months, through at least April 2022.

29.     NYPMG's Human Resources promised to keep Aldabagh's complaints confidential and that there would be no retaliation, but then disclosed his complaints and identity to his supervisor, Dr. Frisby, and, upon information and belief, Flores.

III.    **NYPMG Retaliates and Terminates Aldabagh's Employment**

30.     In January 2022, Flores began to criticize Aldabagh's work performance in front of colleagues.

31.     Aldabagh discovered that Flores had edited Aldabagh's confidential electronic medical records.

32.     Towards the end of January 2022, Aldabagh again complained to human

resources about Flores, including that his treatment of Aldabagh was motivated by his race and nationality.

33.     Human Resources assured Aldabagh that they understood Flores' criticism of Aldabagh's performance was unfounded, that Aldabagh was performing well, and that they would "deliver a strong message" to Flores.

34.     On March 14, 2022, Aldabagh informed Dr. Frisby that non-doctors were entering the doctor's lounge, where there were confidential medical records open on computer screens without privacy screens.

35.     Dr. Frisby responded to Aldabagh that he should "mind his business."

36.     Dr. Frisby instructed Aldabagh to disclose to her the confidential complaints he made to Human Resources.

37.     Dr. Frisby told Aldabagh that if he was not happy that human resources did not adequately address Flores' discriminatory treatment that Aldabagh should resign.

38.     On April 4, 2022, Aldabagh informed Dr. Frisby that his work permit would expire in 60 days.

39.     Later on April 4, 2022, Dr. Frisby cancelled Aldabagh's initial performance evaluation and rescheduled it to include Dr. Pucillo, the hospital's Chief Medical Officer.

40.     During the meeting, which took place on April 6, 2022, Dr. Frisby accused Aldabagh of various performance issues and again asked him to consider resigning from his position.

41.     NYPMG then wrote Aldabagh a letter, dated April 26, 2022, informing him that he should not return to his office and that his employment and immigrant sponsorships were being terminated.

**FIRST CAUSE OF ACTION**
**(Race and Nationality Discrimination in Violation of Title VII)**
*Against Defendant NYPMG*

42.     Aldabagh repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

43.     By the actions described above, among others, Defendants discriminated against Aldabagh by, inter alia, subjecting him to: disparate treatment because of his race and/or nationality or perceived race and/or nationality.

44.     Defendants violated Title VII by subjecting Aldabagh to this behavior based, in whole or in part, upon his race and nationality.

45.     As set forth in detail above and herein, NYPMG discriminated against Aldabagh and subjected him to adverse employment actions including, but not limited to, terminating his employment.

46.     As a direct and proximate result of Defendants' unlawful employment practices, Aldabagh has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

47.     Accordingly, Defendants discriminated against Aldabagh because of his race and nationality, in violation of his rights under Title VII.

48.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Aldabagh, entitling him to punitive damages.

**SECOND CAUSE OF ACTION**
**(Hostile Work Environment in Violation of Title VII)**
*Against Defendant NYPMG*

49.     Aldabagh repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

50.    Defendants' actions and comments against Aldabagh taken cumulatively subjected him to inferior terms, conditions or privileges of employment.

51.    NYPMG was aware and on notice of Flores' actions and comments against Aldabagh by virtue of, among other things, his complaints to Human Resources.

52.    NYPMG did not remedy the hostile work environment despite Aldabagh's complaints.

53.    NYPMG thereby discriminated against Aldabagh on the basis of his race and nationality or perceived race and nationality by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment.

54.    As a direct and proximate result of the unlawful discriminatory conduct carried out by NYPMG, Aldabagh has suffered, and continues to suffer, emotional distress for which he is entitled to an award of monetary damages and other relief.

55.    NYPMG's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Aldabagh, entitling him to punitive damages.

**THIRD CAUSE OF ACTION**
**(Retaliation in Violation of Title VII)**
*Against Defendant NYPMG*

56.    Aldabagh repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

57.    As set forth in detail above, Aldabagh reported Flores' actions to NYPMG.

58.    Defendants retaliated by subjecting Aldabagh to discrimination and adverse employment actions because of his actual and/or perceived race and nationality in violation of Aldabagh's statutory rights.

59.    Defendants were aware that Aldabagh opposed unlawful conduct and/or asserted

his rights under Title VII, including but not limited to, complaining of Flores's discriminatory

conduct.

60.     Aldabagh has suffered and continues to suffer damages, including lost earnings,

lost benefits, other financial loss, and emotional distress.

61.     Accordingly, NYPMG retaliated against Aldabagh in violation of his statutory

rights under Title VII.

## FOURTH CAUSE OF ACTION
### (Race and Nationality Discrimination in Violation of the NYSHRL)
### *Against All Defendants*

62.     Aldabagh repeats and re-alleges each allegation of the preceding paragraphs as if

fully set forth herein.

63.     By the actions described above, among others, Defendants discriminated against

Aldabagh by, inter alia, subjecting him to: disparate treatment because of his race and/or

nationality or perceived race and/or nationality.

64.     Defendants violated the NYSHRL by subjecting Aldabagh to this behavior based,

in whole or in part, upon his race and nationality.

65.     As set forth in detail above and herein, NYPMG discriminated against Aldabagh

and subjected him to adverse employment actions including, but not limited to, terminating his

employment.

66.     As a direct and proximate result of Defendants' unlawful employment practices,

Aldabagh has suffered and continues to suffer damages, including lost earnings, lost benefits,

other financial loss, and emotional distress.

67.     Accordingly, Defendants discriminated against Aldabagh because of his race and

nationality, in violation of his rights under the NYSHRL.

68.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Aldabagh, entitling him to punitive damages.

## FIFTH CAUSE OF ACTION
### (Hostile Work Environment in Violation of the NYSHRL)
*Against All Defendants*

69.     Aldabagh repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

70.     Defendants' actions and comments against Aldabagh taken cumulatively subjected him to inferior terms, conditions or privileges of employment.

71.     NYPMG was aware and on notice of Flores' actions and comments against Aldabagh by virtue of, among other things, his complaints to Human Resources.

72.     NYPMG did not remedy the hostile work environment despite Aldabagh's complaints.

73.     NYPMG thereby discriminated against Aldabagh on the basis of his race and nationality or perceived race and nationality by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment.

74.     As a direct and proximate result of the unlawful discriminatory conduct carried out by NYPMG, Aldabagh has suffered, and continues to suffer, emotional distress for which he is entitled to an award of monetary damages and other relief.

75.     NYPMG's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Aldabagh, entitling him to punitive damages.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)
*Against All Defendants*

76.     Aldabagh repeats and re-alleges each allegation of the preceding paragraphs as if

fully set forth herein.

77.     As set forth in detail above, Aldabagh reported Flores' actions to NYPMG.

78.     Defendants retaliated by subjecting Aldabagh to discrimination and adverse employment actions because of his actual and/or perceived race and nationality in violation of Aldabagh's statutory rights.

79.     Defendants were aware that Aldabagh opposed unlawful conduct and/or asserted his rights under the NYSHRL, including but not limited to, complaining of Flores's discriminatory conduct.

80.     Aldabagh has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

81.     Accordingly, NYPMG retaliated against Aldabagh in violation of his statutory rights under the NYSHRL.

**SEVENTH CAUSE OF ACTION**
**(Aiding and Abetting in Violation the NYSHRL)**
*Against Defendant Flores*

82.     Aldabagh repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

83.     New York Executive Law Section 296(6) makes it "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so."

84.     Defendant Flores aided, abetted, incited, compelled, or coerced Defendants' unlawful conduct, including race and/or nationality discrimination, against Aldabagh by his conduct, action, and inaction, in violation of the NYSHRL.

85.     Flores was aware of his role as part of the unlawful activity that he assisted in,

and knowingly and substantially assisted Defendants in their violations of the NYSHRL.

86.     As a direct and proximate result of Flores's conduct, Aldabagh has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

87.     Flores's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Aldabagh, entitling him to punitive damages.

## EIGHTH CAUSE OF ACTION
### (Whistleblower Retaliation in Violation of NYLL § 740)
*Against Defendant NYPMG*

88.     Aldabagh repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

89.     NYLL § 740(2)(a) prohibits an employer from taking retaliatory action against an employee who discloses an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation.

90.     Aldabagh's disclosures regarding the sharing of confidentiality patient information in a WhatsApp group chat, exposure of confidential medical information in the doctor's lounge, and that patient safety was being compromised by NYPMG's failure to care for patients admitted from the emergency room to the medical floor were protected activity under NYLL § 740.

91.     The termination of Aldabagh's employment in response to his disclosures constituted "retaliatory action" under NYLL § 740(1)(e).

92.     As a direct and proximate result of Respondents' termination of Aldabagh's employment, he has suffered and continue to suffer damages, including lost earnings.

93.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless

and conducted in callous disregard of the rights of Aldabagh, entitling him to punitive damages.

## RELIEF

Plaintiff Mohammad Aldabagh demands judgment in his favor and against NYPMG and Flores as follows:

A.    A declaratory judgment that the actions of Defendants complained of herein violate Title VII, New York State Human Rights Law, and the New York Labor Law;

B.    An injunction and order permanently restraining Defendants from engaging in any such further unlawful conduct;

C.    An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Aldabagh for all monetary and/or economic damages, including but not limited to past and future lost earnings;

D.    An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Aldabagh for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his emotional distress;

E.    An award of punitive damages, in an amount to be determined at trial;

F.    Prejudgment interest on all amounts due;

G.    An award of Aldabagh's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

H.    Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Mohammad Aldabagh demands a trial by jury on all issues so triable of right.

Dated: January 6, 2023                          Respectfully submitted,


                                                */s/ Alex Rissmiller*
                                                Alex Rissmiller
                                                Rissmiller PLLC
                                                5 Pennsylvania Plaza, 19th Floor
                                                New York, NY 10001
                                                T: (646) 664-1412
                                                arissmiller@rissmiller.com

                                                *Counsel for Plaintiff Mohammad Aldabagh*