UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMAD ALDABAGH,<br><br>               Plaintiff,<br><br>     v.<br><br>LAWRENCE MEDICAL ASSOCIATES, P.C.<br>d/b/a NEWYORK-PRESBYTERIAN MEDICAL<br>GROUP WESTCHESTER and WILLIAM<br>FLORES, individually,<br><br>               Defendants. | Case No.: 7:23-cv-00130 (VB) (PED) |

### DEFENDANTS LAWRENCE MEDICAL ASSOCIATES, P.C.'S AND WILLIAM FLORES'S ANSWER AND DEFENSES TO THE COMPLAINT

Defendants Lawrence Medical Associates, P.C. d/b/a NewYork-Presbyterian Medical Group Westchester ("NYPMG Westchester") and William Flores ("Flores") (collectively, "Defendants") through their undersigned counsel, hereby respond to the Complaint filed by Plaintiff Mohammad Aldabagh ("Aldabagh") on January 6, 2023, as follows.

### RESPONSE TO "PRELIMINARY STATEMENT"

1.      Aldabagh's statement regarding the nature of this action asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Aldabagh has filed a lawsuit against Defendants in which he purports to bring claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., and New York Labor Law ("NYLL") § 740 and deny the remaining allegations contained in Paragraph 1 of the Complaint.

## RESPONSE TO "JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS"

2.      The allegations contained in Paragraph 2 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that original jurisdiction in this Court is proper.

3.      The allegations contained in Paragraph 3 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that supplemental jurisdiction in this Court may be proper.

4.      The allegations contained in Paragraph 4 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that venue in this district is proper.

5.      The allegations contained in Paragraph 5 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that Aldabagh filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a Notice of Right to Sue.  Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

## RESPONSE TO "PARTIES"

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, except admit that he previously worked at NYPMG Westchester.

7.      The allegations contained in Paragraph 7 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 7 of the Complaint, except admit that Aldabagh was an employee of NYPMG Westchester for some period of time.

2

8.      Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint, except admit that Flores is an employee of NYPMG Westchester.

12.     Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 13 of the Complaint, except admit that Aldabagh was an employee of NYPMG Westchester for some period of time.

RESPONSE TO "FACTUAL BACKGROUND"

I.      Response to "Aldabagh is Hired by NYPMG and Excels in His Role"

14.     Defendants admit, upon information and belief, the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit, upon information and belief, the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint, except admit that Aldabagh began working at NYPMG Westchester's 55 Palmer Avenue, Bronxville, NY 10708 location in 2021.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

II.     Response to "Aldabagh Reports Discrimination and Sharing of Confidential Patients Information"

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint, except admit that Aldabagh contacted NYPMG Westchester's Human Resources Department in or around December 2021 regarding comments Flores allegedly made about Aldabagh.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint, except admit that Aldabagh contacted NYPMG Westchester's Human Resources Department in or around December 2021 regarding the alleged sharing of patient information on WhatsApp.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

III.    **Response to "NYPMG Retaliates and Terminates Aldabagh's Employment"**

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint as to what Aldabagh believes he purportedly discovered and deny that Flores improperly edited Aldabagh's confidential electronic medical records.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint, except admit that Aldabagh informed Dr. Frisby that non-doctors were entering the doctor's lounge.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint, except aver that on April 4, 2022, Aldabagh forwarded Dr. Frisby an automated email reminding Aldabagh that his I-9 was set to expire on May 5, 2022.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint, except admit that Dr. Frisby discussed numerous issues with Aldabagh's clinical and professional performance during a meeting on April 6, 2022.

41.     Defendants admit the allegations contained in Paragraph 41 of the Complaint.

<u>RESPONSE TO "FIRST CAUSE OF ACTION"</u>
(Race and Nationality Discrimination in Violation of Title VII)
*Against Defendant NYPMG*

42.     Defendants restate and incorporate their responses to Paragraphs 1 through 41 of the Complaint as if fully set forth in this Paragraph 42.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

RESPONSE TO "SECOND CAUSE OF ACTION"
(Hostile Work Environment in Violation of Title VII)
*Against Defendant NYPMG*

49.     Defendants restate and incorporate their responses to Paragraphs 1 through 48 of the Complaint as if fully set forth in this Paragraph 49.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

RESPONSE TO "THIRD CAUSE OF ACTION"
(Retaliation in Violation of Title VII)
*Against Defendant NYPMG*

56.     Defendants restate and incorporate their responses to Paragraphs 1 through 55 of the Complaint as if fully set forth in this Paragraph 56.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint, except admit that Aldabagh contacted NYPMG Westchester's Human Resources Department regarding comments that Flores allegedly made about Aldabagh.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION"
### (Race and Nationality Discrimination in Violation of the NYSHRL)
#### *Against All Defendants*

62.    Defendants restate and incorporate their responses to Paragraphs 1 through 61 of the Complaint as if fully set forth in this Paragraph 62.

63.    Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.    Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.    Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.    Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.    Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.    Defendants deny the allegations contained in Paragraph 68 of the Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION"
### (Hostile Work Environment in Violation of the NYSHRL)
#### *Against All Defendants*

69.    Defendants restate and incorporate their responses to Paragraphs 1 through 68 of the Complaint as if fully set forth in this Paragraph 69.

70.    Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.    Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.    Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.    Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.    Defendants deny the allegations contained in Paragraph 75 of the Complaint.

## RESPONSE TO "SIXTH CAUSE OF ACTION"
### (Retaliation in Violation of the NYSHRL)
#### *Against All Defendants*

76.     Defendants restate and incorporate their responses to Paragraphs 1 through 75 of the Complaint as if fully set forth in this Paragraph 76.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint, except admit that Aldabagh contacted NYPMG Westchester's Human Resources Department regarding comments that Flores allegedly made about Aldabagh.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

## RESPONSE TO "SEVENTH CAUSE OF ACTION"
### (Aiding and Abetting in Violation of the NYSHRL )
#### *Against Defendant Flores*

82.     Defendants restate and incorporate their responses to Paragraphs 1 through 81 of the Complaint as if fully set forth in this Paragraph 82.

83.     The allegations contained in Paragraph 83 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the referenced statute, which speaks for itself.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

## RESPONSE TO "EIGHTH CAUSE OF ACTION"
### (Whistleblower Retaliation in Violation of NYLL § 740)
#### *Against Defendant NYPMG*

88.     Defendants restate and incorporate their responses to Paragraphs 1 through 87 of the Complaint as if fully set forth in this Paragraph 88.

89.     The allegations contained in Paragraph 89 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the referenced statute, which speaks for itself.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

### RESPONSE TO "RELIEF"

The Relief section of Aldabagh's Complaint requires no response.  To the extent a response is required, Defendants deny that Aldabagh is entitled to the relief sought therein, or to any relief whatsoever.

### RESPONSE TO "DEMAND FOR JURY TRIAL"

Aldabagh's Demand for Jury Trial section requires no response.  To the extent a response is required, Defendants admit that Aldabagh demands a trial by jury.

### AFFIRMATIVE AND OTHER DEFENSES

1.     The Complaint is barred, in whole or in part, because it fails to state a claim upon which relief can be granted.

2.     Aldabagh's claims for equitable relief are barred because he has an adequate remedy at law.

3.      At all times, Defendants acted in good faith and had reasonable grounds for believing that their acts, if any, were not in violation of the applicable laws and were consistent with applicable laws and guidance issued by governmental agencies.

4.      At all relevant times, NYPMG Westchester maintained and enforced policies or practices prohibiting all forms of discrimination and retaliation.

5.      Defendants took reasonable care to prevent and correct promptly any discriminatory and retaliatory behavior and/or Aldabagh unreasonably failed to take advantage of any preventative or corrective opportunities provided by NYPMG Westchester or to otherwise avoid harm.

6.      NYPMG Westchester had legitimate non-discriminatory, non-retaliatory reasons for its actions regarding Aldabagh, having nothing whatsoever to do with his race, nationality, alleged protected activities, or any other protected status.

7.      Flores cannot be deemed Aldabagh's employer under any relevant statutes.

8.      Flores cannot be held individually liable for any of the alleged actions in the Complaint under any relevant statutes.

9.      Aldabagh's claims are barred because all actions and/or conduct taken against or experienced by Aldabagh would have occurred regardless of his race, nationality, alleged protected activities, or any other protected status.

10.      Aldabagh's claims are barred because Aldabagh was treated the same as others, regardless of his race, nationality, alleged protected activities, or any other protected status.

11.      NYPMG Westchester is not liable for any alleged discrimination because it neither knew nor had reason to know of any discriminatory behavior.

12.     Aldabagh's own actions and failures were a proximate cause or even the sole cause of his alleged injuries and damages, if any.

13.     Aldabagh's retaliation claims are barred because he did not engage in protected activity as required by the relevant statutes.

14.     Aldabagh's claims are barred because he cannot establish that his performance met the expectations of his position.

15.     Aldabagh's claims are barred because Flores was not his employer and was not in a joint employment relationship with NYPMG Westchester.

16.     Any and all damages claimed by Aldabagh, whether actual, compensatory, punitive, attorneys' fees, or otherwise, are subject to all applicable statutory caps, exclusions, and limitations.

17.     Aldabagh is not entitled to punitive damages since Defendants' actions do not constitute bad faith, malicious, willful, and/or wanton violations of applicable law.

18.     Aldabagh is barred from recovering any damages, or any recovery must be reduced, by virtue of any failure to exercise reasonable diligence to mitigate his alleged damages.

19.     Any emotional distress suffered or claimed to have been suffered by Aldabagh was not reasonable or justified under the circumstances.

20.     Defendants are entitled to any and all offsets and/or set offs permissible by law.

21.     Aldabagh is not entitled to attorneys' fees under any of the claims alleged.

22.     Defendants have not knowingly or intentionally waived any applicable defenses and reserve the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to Aldabagh's claims.

23.     Defendants' investigation into the allegations contained in the Complaint is ongoing, and Defendants reserve the right to amend this Answer and/or the Affirmative and Other Defenses should that become necessary.

**WHEREFORE**, Defendants respectfully request that the Court dismiss the Complaint in its entirety, and award Defendants their reasonable costs and attorneys' fees in this action.

Dated: March 7, 2023
      New York, New York

**BAKER & HOSTETLER LLP**

 / s /  *Amy J. Traub*
Amy J. Traub
Justin A. Guilfoyle
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: 212 589-4200
Fax: 212 589-4201
Email: atraub@bakerlaw.com
Email: jguilfoyle@bakerlaw.com

*Attorneys for Defendants*
*Lawrence Medical Associates, P.C. d/b/a*
*NewYork-Presbyterian Medical Group*
*Westchester* & *William Flores*